UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

LATARRA S. PARRIS,

    Plaintiff,

v.

SCR LOAN SERVICES, INC., doing business as, PINPOINT,

    Defendant.

Case No. 2:24-cv-10052

## COMPLAINT

**NOW COMES** LATARRA S. PARRIS ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of SCR LOAN SERVICES, INC. d/b/a PINPOINT ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organizations Act ("CROA"), pursuant to 15 U.S.C. § 1679 *et seq.,* and the Michigan Credit Services Protection Act ("MCSPA"), pursuant to M.C.L. § 455.1821 *et seq.*

1

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§ 1331 and 1337(a), as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of Michigan, Defendant conducts business in the Eastern District of Michigan, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

5. Plaintiff is a consumer over 18 years-of-age residing in Southgate, Michigan.

6. Defendant is a credit repair organization that offers student loan relief services to consumers. Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 4651 SW 34th St., Suite C, Orlando, Florida 32811. Defendant's website promises consumers to "start living debt free faster and protect your credit with our debt solutions."[1]

---

[1] http://relyonpinpoint.com/

7.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8.      In July 2020, Plaintiff was interested in improving her credit scores by addressing her student loan debts that were appearing on her credit reports.

9.      Plaintiff happened upon Defendant due to its representations that it could help individual consumers who seek student loan relief.

10.     Plaintiff was promised that Defendant would be able to reduce her student loan payments and eventually remove the loans from her credit reports.

11.     Moreover, to entice Plaintiff into signing up for its services, Defendant misled Plaintiff to believe that its program would place Plaintiff's student loans in forbearance and increase her credit scores. However, Defendant did not inform Plaintiff that the federal government had paused student loan repayments due to COVID-19.

12.     On August 3, 2020, Plaintiff entered into a contract with Defendant for the provision of credit repair services. The agreement enrolled Plaintiff's student loan debts into Defendant's program to be reviewed, negotiated and to attempt to achieve resolutions.  Plaintiff detrimentally relied on Defendant's false promises.

13. Before any work occurred, Plaintiff paid Defendant $200.00 in exchange for Defendant's services of reviewing Plaintiff's student loan debts and preparing ways to seek total loan forgiveness.

14. Plaintiff proceeded to make her monthly payments to Defendant on a consistent and timely basis.

15. Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's credit repair and student loan services.

16. Furthermore, Defendant repeatedly suggested to Plaintiff that it was working on reducing her student loan payments; however, Defendant's conduct in this regard deceptively and misleadingly represented the extent to which student loan payments can be reduced.

17. Dissatisfied with the significant sums of money paid for deficient credit repair services, Plaintiff cancelled her contract with Defendant in October 2020. In total, Plaintiff paid Defendant $600 for promises Defendant failed to fulfill.

18. Despite making timely monthly payments, Plaintiff saw no overall improvement with respect to student loan reduction as represented by Defendant.

19. Frustrated, distressed, and concerned over Defendant's conduct Plaintiff felt that she had added a further burden to herself and decided to speak with the undersigned counsel regarding her rights.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

## COUNT I – VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

23. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any

consumer with regard to any activity or service for the purpose of improving a consumer's credit.

### a. Violations of CROA § 1679b(a)

24. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

25. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant represented that its services would reduce her student loan payments and would eventually remove the loans from her credit reports, however, Defendant completely failed to follow through on these promises or the services it represented it would perform for Plaintiff.

### b. Violations of CROA § 1679b(b)

26. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable

consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

27. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Despite Plaintiff paying Defendant for its services, Defendant completely failed to perform the services it represented it would perform while simultaneously retaining Plaintiff's payments for fees.

    **c.**    **Violations of CROA § 1679c**

28. The CROA, pursuant to 15 U.S.C. § 1679c, outlines various disclosures that CROs must provide to consumers prior to entering into contracts with consumers.

29. Defendant violated § 1679c through its complete failure to provide Plaintiff a copy of the required disclosures.

30. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff LATARRA S. PARRIS, respectfully requests that the Court enter judgment in her favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.    Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

7

    c.    Awarding Plaintiff punitive damages as provided under 15 U.S.C. § 1679g(a)(2)(A);

    d.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

    e.    Awarding any other relief as the Court deems just and appropriate.

### COUNT II - VIOLATION OF THE MICH. CREDIT SERVICES PROTECTION ACT

31.    Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32.    Plaintiff is a "buyer" as defined by M.C.L. § 445.1822(a).

33.    Defendant is a "credit service organization" as defined by M.C.L. § 445.1822(b).

    **a.    Violation of MCSPA § 445.1823**

34.    The MCSPA, pursuant to M.C.L. § 445.1823, provides a list of prohibited conduct for credit services organizations.

35.    Pursuant to M.C.L. § 445.1823(b), a credit service organization shall not "[c]harge a buyer or receive from a buyer of services money or other valuable consideration before completing performance of all services the credit services organization has agreed to perform for the buyer."

36. Defendant violated M.C.L. § 445.1823(b) through its charging of Plaintiff prior to full and complete performance of its services without reimbursing Plaintiff for its incomplete services.

37. Pursuant to M.C.L. § 445.1823(d), a credit service organization cannot "[m]ake or use any false or misleading representations in the offer or sale of the services of a credit services organization."

38. Defendant violated M.C.L. § 445.1823(d), by promising Plaintiff that it would be able to reduce Plaintiff's student loan payments and eventually remove her student loans from her consumer credit reports.

39. Pursuant to M.C.L. § 445.1823(e), a credit services organization cannot "engage, directly or indirectly, in a fraudulent or deceptive act, practice, or course of business in connection with the offer or sale of the services of a credit services organization . . . ."

40. Defendant violated M.C.L. § 445.1823(e) through its deceptive acts and practices of promising Plaintiff that it would reduce her student loan payments and remove her student loans from her consumer credit reports. The deception of promising it clients something it knows it cannot fulfill goes against the MCSPA.

41. Pursuant to M.C.L. § 445.1823(f), a credit services organization cannot "fail to perform the agreed upon services within 90 days following the date the buyer sings the contract for services."

42. Defendant violated § 445.1823(f) when it failed to perform the services within 90 days of the parties' agreement.

**WHEREFORE**, Plaintiff LATARRA S. PARRIS, respectfully requests that the Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Award Plaintiff actual damages pursuant to M.C.L. § 445.1824(1).

c. Award Plaintiff punitive damages pursuant to M.C.L. § 445.1824(1)

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to M.C.L. § 445.1824(1); and

e. Awarding any other relief as this Court deems just and appropriate.

Dated: January 8, 2024                              Respectfully submitted,

*/s/ Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*